IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
At Beckley

NANCY REUSCHEL, as Executrix of the
Estate of LOUISE MCGRAW, Deceased;
LORETTA HOLCOMB as Executrix of the
Estate of CHARLOTTE RODGERS,
Deceased; and on behalf of all others
similarly situated,

        *Plaintiffs*,

v.

**CHANCELLOR SENIOR
MANAGEMENT, LTD.**,

        *Defendant*.

Civil Action No. 5:22-cv-00279

Judge: _____

## NOTICE OF REMOVAL

Defendant Chancellor Senior Management, Ltd. ("Chancellor"), by counsel and pursuant to the Class Action Fairness Act of 2005 ("CAFA"), removes this case from the Circuit Court of Raleigh County, West Virginia, to the United States District Court for the Southern District of West Virginia on the following grounds.

### BACKGROUND

1. Louise McGraw, by and through her daughter Nancy Reuschel, and Charlotte Rodgers, by and through her daughter Loretta Holcomb, originally filed this civil action against Chancellor on October 25, 2016, in the Circuit Court of Raleigh County, West Virginia, Case No. 16-C-698 ("State Court Action"). [*See* Ex. 1, Current Docket Sheet.] They filed their First Amended Class Action Complaint on November 29, 2016 ("FAC"), attached hereto as Exhibit 2.

2. Louise McGraw and Charlotte Rodgers have since passed away and their daughters, Nancy Reuschel and Loretta Holcomb, respectively, have been substituted as the Plaintiffs in this

{L0860381.1}

1

case, as the executrices of Louise McGraw's and Charlotte Rodgers's estates, respectively ("Plaintiffs"). The June 29, 2017 Order Substituting the Parties is attached as Exhibit 3.

3. Plaintiffs' FAC, in which they demanded a jury trial, alleges Chancellor engages in unfair and deceptive acts and practices in the context of providing assisted living services to residents of four West Virginia assisted living residences.[1] [*See, e.g.*, Ex. 2, FAC ¶ 110.] Count I in Plaintiffs' FAC alleges Chancellor violated Chapter 46A, the West Virginia Consumer Credit and Protection Act ("Act"), causing them to "suffer economic loss, attorneys' fees, costs, and expenses." [Ex. 2, FAC ¶¶ 112–13.]

4. More specifically, Count I, Paragraph 112 of the FAC[2] alleges violations of Chapter 46A, Article 6 of the Act; namely

  a. "Engaging in conduct which creates a likelihood of confusion or of misunderstanding," *cf.* W.Va. Code § 46A-6-102(7)(B);

  b. "Advertising goods or services with intent not to sell them as advertised," *cf.* W.Va. Code § 46A-6-102(7)(I);

  c. "Representing that goods or services . . . have characteristics, ingredients, uses, benefits . . . that they do not have . . . ," *cf.* W.Va. Code § 46A-6-102(7)(E); and

  d. "Representing that goods or services are of a particular standard, quality or grade . . . ," *cf.* W.Va. Code § 46A-6-102(7)(G).

5. In general, West Virginia Code § 46A-6-106 provides for a private cause of action for violations of Chapter 46A, Article 6, pursuant to which an aggrieved person may "recover actual damages or $200, whichever is greater" along with discretionary equitable relief; provided, that "the person seeking damages suffered an actual, out-of-pocket loss that was proximately

---

[1] In fact, Chancellor is not the licensed owner/operator of any of the four assisted living residences at issue in this action.

[2] *See also* Ex. 2, FAC, ¶ 27.

caused by a violation of" Article 6, and that any person relying on misrepresentation, concealment or omission must prove that the damages or loss was proximately caused by same.

6. In their FAC, Plaintiffs seek remedies that include the following:

a. declaratory relief [*see* Ex. 2, FAC ¶ 114];

b. injunctive relief [*see* Ex. 2, FAC ¶ 115];

c. compensatory damages consisting of (i) Community Fee payments and (ii) Personal Care Need Fee overpayments [*see* Ex. 2, FAC ¶ 116; *see also* Ex. 2, FAC ¶¶ 15-16, 24];

d. interest with respect to the alleged, compensatory damages [*see* Ex. 2, FAC ¶ 116];

e. "[s]uch other relief and damages [as] the Court may deem just and proper, including but not limited to restitution and civil penalties" [*see* Ex. 2, FAC ¶ 117]; and

f. attorney fees and costs. [*See* Ex. 2, FAC ¶ 118.]

7. In the FAC, Plaintiffs expressly asserted Count I on behalf of themselves and a putative class they defined as "all individuals that resided [at] any of the four Chancellor Senior Living assisted living communities located in West Virginia <u>in the four years preceding the filing of this lawsuit</u>." [Ex. 2, FAC ¶ 85 (<u>emphasis</u> added).] As noted, this action was filed on October 25, 2016 [*see* Ex. 1, Current Docket Sheet], meaning the class period alleged and defined in the FAC runs from October 25, 2012 to October 25, 2016.

8. Plaintiffs have neither moved for class certification nor sought to amend the FAC.

9. At a June 9, 2022 hearing on Plaintiffs' motion to compel discovery responses, Plaintiffs — for the first time — revealed to the State Court that they intend to seek certification of a putative class whose class period will remain open from October 25, 2012 "through the end of the case." [*See, e.g.*, Ex. 4, 6/9/2022 Hrg. Tr. at 82.]

{L0860381.1}

3

10. Chancellor relies upon Plaintiffs' allegations and representations regarding the nature and scope of the putative class and their claims only for purposes of jurisdiction under CAFA. Chancellor denies that the putative class is properly defined and denies that this case is proper for class treatment under the West Virginia or Federal Rules of Civil Procedure and applicable, governing authority. Chancellor also denies all allegations of liability, injury and damages set forth in the FAC.

## VENUE

11. Under 28 U.S.C. § 1446(a), this Court is the proper venue for this action as the district and division within which the State Court Action was brought.

## JURISDICTION

12. Removal is proper in this case because the Court has original jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d). CAFA applies in this case because there is: (1) minimal diversity of citizenship; (2) a proposed class with at least 100 members; and (3) at least $5 million in controversy.

## GEOGRAPHICAL DIVERSITY

13. Upon information and belief, Louise McGraw and Charlotte Rodgers, both deceased, were citizens of West Virginia. [*See, e.g.*, Ex. 2, FAC ¶¶ 1–2.] Upon information and belief, Plaintiffs Nancy Reuschel and Loretta Holcomb, as executrices of Louise McGraw's and Charlotte's Rodgers's estates, respectively, are also citizens of West Virginia, and the estates are being administered in West Virginia [*See* Ex. 5, Physician's/Medical Examiner's Certificates of Death (redacted) and Letters of Administration.]

14. Chancellor is an Ohio limited liability company with its principal place of business in Ohio, making it a citizen of Ohio. *See* 28 U.S.C. § 1332(c)(1).

15. There is at least minimal diversity among the parties to this case as required under CAFA for original jurisdiction in this Court. *See* 28 U.S.C. § 1332(d)(2)(A).

## THE PUTATIVE CLASS FAR EXCEEDS 100 MEMBERS

16. Although the scope of the class initially defined by the FAC was temporally limited, Plaintiffs' counsel asserted at the June 9, 2022 hearing that Plaintiffs seek to represent a class of individuals who have resided at any of the West Virginia facilities since October 25, 2012 "through the end of the case." [*See, e.g.*, Ex. 4, 6/9/2022 Hrg. Tr. at 82.]

17. Even as the proposed class was initially defined, Plaintiffs; FAC alleged that "[i]t is expected that the number of Class Members will total in the many hundreds, if not thousands." [Ex. 2, FAC ¶ 86.] Based on the revised class definition announced at the June 9, 2022 hearing, the number of class members is ever expanding.

18. Accordingly, whether as initially defined or as more recently expanded, the proposed class far exceeds the 100 members required under CAFA to establish original jurisdiction in this Court. 28 U.S.C. § 1332(d)(5)(B).

## THE AMOUNT IN CONTROVERSY
## EXCEEDS THE JURISDICTIONAL THRESHOLD

19. Based on the revised class definition expressed by Plaintiffs' counsel during the June 9, 2022 hearing, the amount in controversy in this case exceeds the $5 million threshold for diversity jurisdiction under CAFA. *See* 28 U.S.C. § 1332(d)(2); *Scott v. Cricket Comm'ns, LLC*, 865 F.3d 189, 196 (4th Cir. 2017) ("The key inquiry in determining whether the amount-in-controversy requirement is met is not what the plaintiff will actually recover but an estimate of the amount that will be put at issue in the course of the litigation."); *Atkins v. AT&T Mobility Servs., LLC*, No. 2:18-cv-00599, 2019 WL 5190971, at *5 (S.D. W. Va. Oct. 15, 2019) (same).

20. CAFA "tells the District Court to determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [plaintiff's] proposed class and determine whether the resulting sum exceeds $5 million." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013). This includes all "persons (named or unnamed) who fall within the definition of the *proposed* or certified class." *Id.* (quoting 42 U.S.C. § 1332(d)(1)(D)).

21. In light of Plaintiffs' expansion of the temporal scope of the class and the alleged remedies outlined in in Paragraph 6 above, the amount in controversy in this case now exceeds $5 million.

22. When Plaintiffs filed their initial complaint, Plaintiffs limited the putative class period to October 25, 2012 through October 25, 2016 only. [Ex. 2, FAC ¶ 85.] As stated at the June 9, 2022 hearing on Plaintiffs' motion to compel discovery responses, however, Plaintiffs' counsel has now represented to the State Court — for the first time — that Plaintiffs intend to seek certification of a putative class whose class period will remain open from October 25, 2012 "through the end of the case." [*See, e.g.*, Exhibit 3, 6/9/2022 Hearing Transcript at 82.]

23. The temporal scope of Plaintiffs' new, proposed class is indeterminate but ever expanding. The value of the each proposed class member's individual claim is likewise indeterminate; however, given the ultimate size of the class Plaintiffs now seek to certify, the ultimate, cumulative value of those claims exceeds the $5 million jurisdictional threshold, and is ever expanding, for the following reasons:

    a. Based on counsel's representations at the June 9, 2012 hearing, the definition of Plaintiffs' new, proposed class includes all individuals that have resided or will reside at the West Virginia facilities from October 25, 2012 through the date this litigation concludes.

b. In their individual capacity and on behalf of each putative class member, Plaintiffs seek compensatory damages that include, in part, "disgorgement of Community Fees paid by Class Members." [Ex. 2, FAC ¶¶ 106, 116.] By way of example, the FAC alleges that a one-time Community Fee of $2900 was paid by or on behalf of Louise McGraw. [Ex. 2, FAC ¶ 63.]

c. From November 1, 2012[3] through June 1, 2022, the four West Virginia facilities collected $2,655,270.70 in Community Fees from its residents or their responsible parties. [*See* Ex. 6, Depaola Aff. ¶ 4.]

d. Plaintiffs also seek to recover an alleged overpayment of "Personal Care Need Fees." [Ex. 2, FAC ¶ 116.]

e. Since 2012, the "Personal Care Need Fees" collected by the four West Virginia facilities have averaged approximately $7 million annually. [*See* Ex. 6, Depaola Aff. ¶ 5.] Accordingly, the cumulative "Personal Care Need Fees" collected for the nearly 10-year period running from October 25, 2012 to the present would approach $70 million.

f. Plaintiffs' FAC lacks information from which any alleged "overpayment" of "Personal Care Need Fees" may be calculated, and Plaintiffs have not otherwise disclosed information from which such a calculation can be made. Chancellor vigorously denies that any overpayment occurred. However, if an overpayment of 3% is assumed, the cumulative value of any such overpayment applied to Plaintiffs' new, proposed class period would approach $2,100,000 from November 1, 2012 to

---

[3] Based on how Chancellor tracks and records its data, Chancellor used November 1, 2012 as the start date for the class period, instead of October 25, 2012, to calculate the amount in controversy for the limited purposes of this Notice of Removal.

{L0860381.1}

the current date. This sum would only increase as this litigation continues and the class expands and additional "Personal Care Need Fees" are collected.

g. Accordingly, the $2,655,270.70 in Community Fees collected from November 1, 2012 through June 1, 2022, coupled with the value of an assumed 3% overpayment of "Personal Care Need Fees" of approximately $2,100,000 for the same period, would result in the value of the newly proposed class' cumulative, compensatory damages being $4,755,270.70 to-date, an amount very near the $5 million jurisdictional threshold. To the extent the value of any other remedy sought by Plaintiffs may be considered for purposes of establishing the jurisdictional threshold, the value of such indeterminate remedies may boost the present value of Plaintiffs' claims above $5 million. But because the class will continue to expand, additional Community Fees and "Personal Care Need Fees" will continue to be collected, and Plaintiffs' alleged compensatory damages claim will continue to grow while this litigation continues in the months and years ahead, the ultimate amount in controversy plainly exceeds $5 million.

24. Thus, although Chancellor does not concede Plaintiffs or any putative class member are entitled to any damages or other remedies alleged or sought, Chancellor avers that the value of the remedies now claimed by Plaintiffs, based on their intent to seek certification of a class whose temporal scope is now approaching 10 years but is otherwise indeterminate and ever expanding, now exceeds the threshold for CAFA jurisdiction.

## REMOVAL IS PROPER

25. The proposed class, as recently expanded by Plaintiffs, now satisfies the requirements for CAFA jurisdiction. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574

U.S. 81 (2014) (a notice of removal only needs to include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold).

26. Although Chancellor alleges that the amount in controversy now exceeds the jurisdictional threshold and the putative class contains more than 100 members, Chancellor does not concede that it is liable for any conduct that would warrant the imposition of any damages or other remedies sought by Plaintiffs. Chancellor also does not concede that Plaintiffs may represent a class of residents from the West Virginia facilities over any period. Chancellor reserves all defenses and objections to the claims asserted by Plaintiffs and the putative class.

## PROCEDURAL STATEMENT

27. Pursuant to 28 U.S.C. § 1446(d), prompt written notice of this Notice of Removal is being sent to Plaintiffs through their counsel and to the Clerk of the Circuit Court of Raleigh County. A copy of the Notice (excluding its attachments) is attached hereto as Exhibit 7.

28. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 3.4(b), copies of the Complaint, the docket sheet, and all other process, pleadings, and orders filed in the State Court Action will be submitted concurrently with this Notice.

29. Chancellor reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Chancellor removes this action from the Circuit Court of Raleigh County, West Virginia, to the United States District Court for the Southern District of West Virginia.

Date: <u>July 7, 2022</u>  By: _____
Avrum Levicoff, Esquire
W.Va. I.D. # 4549
Robert L. Hogan, Esquire
W. Va. I.D. # 5979
The Levicoff Law Firm, P.C.
4 PPG Place, Suite 200
Pittsburgh, PA 15222
*Counsel for Defendant*

{L0860381.1}

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
At Beckley

**NANCY REUSCHEL**, as Executrix of the
Estate of **LOUISE MCGRAW**, Deceased;
**LORETTA HOLCOMB** as Executrix of the
Estate of **CHARLOTTE RODGERS**,
Deceased; and on behalf of all others
similarly situated,

    *Plaintiffs*,

v.                                        Civil Action No. _____

**CHANCELLOR SENIOR**                   Judge: _____
**MANAGEMENT, LTD.**,

    *Defendant*.

## CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below, I served a true and correct copy of the foregoing *Notice of Removal* upon the following counsel via electronic mail and regular U.S. Mail, as follows:

> Jonathan R. Mani, Esquire
> jrmani@mel-law.com
> Mani Ellis & Layne, PLLC
> P.O. Box 1266
> Charleston, WV 25325
> *Counsel for Plaintiffs*
>
> Christa L. Collins, Esquire
> christa@clcclassactionlaw.com
> essman@clcclassactionlaw.com
> Collins Law PL
> 433 Central Avenue, 4th Floor
> St. Petersburg, FL 33701
> *Co-Counsel for Plaintiffs*

{L0860441.1 }        1

Elizabeth Aniskevich, Esquire
eaniskevich@aarp.org
Ali Naini, Esquire
anaini@aarp.org
AARP Foundation, B4-208
601 E Street NW
Washington, DC 20049
*Co-Counsel for Plaintiffs*

Date: July 7, 2022

By: _____
Avrum Levicoff, Esquire
ALevicoff@LevicoffLaw.com
W.Va. I.D. # 4549
Robert L. Hogan, Esquire
W.Va. I.D. # 5979
The Levicoff Law Firm, P.C.
4 PPG Place, Suite 200
Pittsburgh, PA 15222
Phone: 412-434-5200
Fax: 412-434-5203

*Counsel for Defendant*

## IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

**NANCY REUSCHEL**, as Executrix of the
Estate of **LOUISE MCGRAW**, Deceased;
**LORETTA HOLCOMB** as Executrix of the
Estate of **CHARLOTTE RODGERS**,
Deceased; and on behalf of all others
similarly situated,

        *Plaintiffs*,

v.                                                                                  Civil Action No.: 16-C-698
                                                                                    *Hon. Andrew Dimlich, Circuit Judge*

**CHANCELLOR SENIOR
MANAGEMENT, LTD.**,

        *Defendant.*

### CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below, I served a true and correct copy of the foregoing ***Notice to State Court of Removal to Federal Court*** upon the following counsel via electronic mail and regular U.S. Mail, as follows:

        Jonathan R. Mani, Esquire
        jrmani@mel-law.com
        Mani Ellis & Layne, PLLC
        P.O. Box 1266
        Charleston, WV 25325
        *Counsel for Plaintiffs*

        Christa L. Collins, Esquire
        christa@clcclassactionlaw.com
        essman@clcclassactionlaw.com
        Collins Law PL
        433 Central Avenue, 4th Floor
        St. Petersburg, FL 33701
        *Co-Counsel for Plaintiffs*

Elizabeth Aniskevich, Esquire
eaniskevich@aarp.org
Ali Naini, Esquire
anaini@aarp.org
AARP Foundation, B4-208
601 E Street NW
Washington, DC 20049
*Co-Counsel for Plaintiffs*

Date: July 7, 2022   By: _____

Avrum Levicoff, Esquire
ALevicoff@LevicoffLaw.com
W.Va. I.D. # 4549
Robert L. Hogan, Esquire
W.Va. I.D. # 5979
The Levicoff Law Firm, P.C.
4 PPG Place, Suite 200
Pittsburgh, PA 15222
Phone: 412-434-5200
Fax: 412-434-5203

*Counsel for Defendant*