IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

NANCY REUSCHEL, *as Executrix
of the Estate of* LOUISE MCGRAW,
*deceased*; LORETTA HOLCOMB,
*as Executrix of the Estate of* CHARLOTTE
ROGERS, *deceased*; and on behalf of all
others similarly situated,

        Plaintiffs,

v.                                                   Civil Action No. 5:22-cv-00279
                                                        Honorable Frank W. Volk

CHANCELLOR SENIOR MANAGEMENT, LTD.,

        Defendant.

### PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT

Plaintiffs Nancy Reuschel, as Executrix of the Estate of Louise McGraw, and Loretta Holcomb, as Executrix of the Estate of Charlotte Rogers ("Plaintiffs"), individually and on behalf of all putative class members and pursuant to this Court's Order dated December 1, 2022 (ECF No. 27) and Rule 15 of the Federal Rules of Civil Procedure, respectfully move for leave to file a Second Amended Complaint, a copy of which is attached hereto. Plaintiffs respectfully request that leave be granted for the reasons set forth herein.

### INTRODUCTION

Plaintiffs' First Amended Complaint alleges that Defendant Chancellor Senior Management, LTD ("CSM") engaged in a systematic practice of deceiving the residents housed in the West Virginia assisted living facilities that CSM manages. First Amended Complaint ("FAC") ¶¶ 11, 20-21, ECF No. 12-1. This practice centers on CSM concealing material facts and

1

making misrepresentations regarding assessing, charging for and providing staffing sufficient to meet residents' care needs. *Id*.

The FAC defines the putative class as all individuals that resided at any one of CSM's four assisted living communities in West Virginia within the four years preceding the filing of the lawsuit. FAC ¶ 85. Following the West Virginia Supreme Court's Order finding the arbitration provisions in Plaintiffs' residency agreements invalid, CSM removed this case to federal court, asserting that Plaintiffs intended a longer class period than originally pled, triggering CAFA jurisdiction. CSM has asserted, without supporting documentation, that any expansion of the class period would be futile because the arbitration provisions in its residency agreements changed after the state court action was filed. In their initial discovery requests before this Court, Plaintiffs sought information regarding whether CSM's assertions regarding changes to its arbitration provision were accurate in order to determine whether to amend the FAC within the time period for amendments established in the Court's Scheduling Order. ECF No. 27. CSM resisted this discovery and this dispute became the subject of Plaintiffs' Motion to Compel. ECF No. 39.

During a meet and confer conference held the day before the Magistrate Judge conducted an informal conference related to the Motion to Compel on February 24, 2023, the Parties reached an agreement to resolve this dispute. The Parties agreed to the following: Plaintiffs would file this Motion for Leave to Amend the Complaint to amend the class definition to include all residents that were subject to the same arbitration provision as Plaintiffs; and CSM's arguments concerning whether any newly added class member's claims were time barred would be preserved for later motions practice. In addition, Plaintiffs have narrowed the scope of the class to include only residents that entered a CSM facility after October 29, 2015, rather than all individuals that were residents after that date regardless of when they entered. Accordingly, Plaintiffs seek to leave file

the attached Second Amended Complaint for purposes of revising the class definition as described above and in line with the Parties' understanding. As illustrated by the attached, Plaintiffs' current class definition and proposed revisions are as follows:

Current Definition:

> Plaintiffs properly allege the cause of action below on their own behalf and on behalf of all individuals that resided at any of the four Chancellor Senior Living assisted living communities located in West Virginia in the four years preceding the filing of this lawsuit. FAC ¶ 85, ECF No. 12-1.

Revised Definition:

> Plaintiffs properly allege the cause of action below on their own behalf and on behalf of all individuals that entered any of the four assisted living communities alleged herein to be controlled by Chancellor Senior Management, LTD after October 29, 2015 and whose Residency Agreement contained an arbitration provision adopting the Rules of the American Health Law Association ("AHLA") and required any person requesting arbitration to pay a filing fee to AHLA.

**ARGUMENT**

The grant or denial of leave to amend is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The burden is on the opposing party to show a reason to deny leave. *Id.* Rule 15(a) provides that leave to amend shall be freely given when justice requires. Fed. R. Civ. P. 15(a). The Supreme Court has declared that "leave to amend a complaint should be freely given in the absence of undue delay, bad faith, undue prejudice to the opposing party, repeated failure to cure deficiencies, or futility." *Foman*, 371 U.S. at 182.

In the present matter, none of these conditions exist. Thus, leave must be freely given and Plaintiffs' Motion to Amend should be granted.

**I.      There Has Been No Undue Delay**

"[D]elay alone is an insufficient reason to deny leave to amend." *Friend v. Remac Am., Inc.*, 924 F. Supp. 2d 692, 696 (N.D.W. Va. 2013). "Rather, the delay must be accompanied by prejudice, bad faith, or futility." *Id. See also Edwards v. City of Goldsboro*, 178 F.3d 231, 232

(4th Cir. 1999) (same). The Fourth Circuit has made clear that even "a change in the theory of recovery and one prior amendment of the complaint are not sufficient to justify denial of leave to amend under the principles of *Foman* and *Davis*." *Ward Elecs. Serv, Inc. v. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir. 1987). *See Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) (where the Court noted that under *Foman*, mere delay absent any resulting prejudice was not a sufficient reason to deny leave to amend).

Here, Plaintiffs have not delayed bringing their Motion to Amend. To date, the Parties have only engaged in preliminary discovery. On March 24, 2023, the Parties will appear before the Magistrate Judge for a second time in an effort to continue to try and resolve their remaining preliminary discovery disputes. ECF No. 45. The Parties are still in the early class discovery phase. ECF No. 27. Merits-based discovery has yet to commence and no depositions have been taken.

Moreover, although this matter was initially filed in 2016, discovery is only now beginning due to protracted motions practice in the state court proceeding. ECF No. 14. This motions practice included litigation in the trial court and an appeal to the Supreme Court regarding the validity of Plaintiffs' arbitration provision. As such, no undue delay is attributable to Plaintiffs. For this reason, Plaintiffs' proposed amendment should be accepted.

## II.     CSM Will Not be Prejudiced by the Proposed Amendment

CSM will not be prejudiced by Plaintiffs' proposed amendment. The Fourth Circuit has stated that:

> [w]hether an amendment is prejudicial will often be determined by the nature of the amendment and its timing. A common example of a prejudicial amendment is one that "raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial."

4

*Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir.1986) (citation omitted).

Plaintiffs' proposed amendment does not raise a new legal theory.[1] Plaintiffs' amendment does not require CSM to gather and analyze facts not already considered. There has been no change to Plaintiffs' theory of liability. From the outset of this litigation, CSM has been made fully aware of the events giving rise to the action. *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir.1980). No additional claims or counts have been added and Plaintiffs' original allegations have not been altered. Plaintiffs' allegations still center on the same harm outlined within their FAC. Plaintiffs have acted expeditiously and in accordance with the existing case management schedule for purposes of amending the class definition within the operative complaint.

Moreover, CSM's right to challenge whether the newly added putative class members' claims are time-barred have been preserved for future motions practice. These circumstances confirm that no prejudice exists.

### III. The Proposed Amendment is Not Futile

A court should deny leave to amend on the ground of futility only "when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510. Plaintiffs' proposed amendment is not at all futile. Plaintiffs' amendment more thoroughly details the claims of those they seek to represent. As stated above, the proposed amendment is for the sole purpose of further defining the scope of the class. Such purpose makes clear that Plaintiffs' amendment is not in vain.

### CONCLUSION

For the foregoing reasons, Plaintiffs should be freely given leave to amend at this early

---

[1] It should also be noted that trial is not scheduled until December 2024. ECF No. 27.

litigation stage. Thus, Plaintiffs respectfully request that this Honorable Court grant leave to file the proposed Second Amended Complaint attached hereto.

                                Respectfully submitted,

                                /s/ *Jonathan Mani*
                                Jonathan Mani, Esq. (WVSB # 8824)
                                MANI, ELLIS & LAYNE, PLLC
                                P.O. Box 1266
                                Charleston, WV  25326
                                Telephone: (304) 720-1000

                                Christa Collins, Esq. (*Pro Hac Vice*)
                                COLLINS LAW
                                433 Central Avenue, Fourth Floor
                                Saint Petersburg, FL 33701
                                Telephone: (727) 218-1762

                                Benjamin Davis, Esq. (*Pro Hac Vice*)
                                AARP FOUNDATION
                                601 E Street, NW
                                Washington, D.C. 20049
                                Telephone: (202) 434-2415

                                *Counsel for Plaintiffs and the Putative Class*

## CERTIFICATE OF SERVICE

I, Jonathan Mani, do hereby certify that on the 1st day of March 2023, I served the foregoing PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT via the District Court's CM/ECF, which will provide notification to the following counsel of record:

> Avrum Levicoff, Esq. (WVSB # 4549)
> Robert L. Hogan, Esq. (WVSB #5979)
> THE LEVICOFF LAW FIRM, P.C.
> 4 PPG Place, Suite 200
> Pittsburgh, PA 15222
> Telephone: (412) 434-5200
>
> Dan W. Goldfine, Esq. (*visiting attorney*)
> Claire E.F. Eichman, Esq. (*visiting attorney*)
> DICKINSON WRIGHT, LLP
> 1850 North Central Avenue, Suite 1400
> Phoenix, AZ 85004
> Telephone: (602) 285-5000
>
> W. Michael Frazier, Esq. (WVSB #1287)
> FRAZIER & OXLEY, L.C.
> P.O. Box 2808
> Huntington, WV 25727
> Telephone: (304) 697-4370
>
> *Counsel for Defendant*

/s/ *Jonathan Mani*
Jonathan Mani