UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

NANCY REUSCHEL as *Executrix of the Estate of* Louise McGraw, *deceased* and
LORETTA HOLCOMB as *Executrix of the Estate of* Charlotte Rogers, *deceased* and
on behalf of all others similarly situated,

      Plaintiffs,

v.                                                                            CIVIL ACTION NO. 5:22-cv-00279

CHANCELLOR SENIOR MANAGEMENT, LTD.,

      Defendant.

### MEMORANDUM OPINION AND ORDER

Pending are (1) Defendant Chancellor Senior Management, Ltd.'s ("CSM") Request to Maintain Certain, Limited Information Filed in Support of Plaintiffs' Motion for Class Certification Under Seal [Doc.180], filed November 13, 2023, and (2) Defendant's Amended Request to Maintain Certain Limited Information Filed in Support of Plaintiffs' Motion for Class Certification Under Seal [Doc. 181], filed November 15, 2023. Plaintiffs responded on November 21, 2023 [Doc. 184], and Defendant replied on November 29, 2023 [Doc. 185].

### I.

On October 18, 2023, the parties filed a Joint Motion for the Extension of Time to respond to the Conditional Motion for Seal Documents. [Doc. 176].

On November 6, 2023, the Court directed Defendant to submit its own sealing

requests by November 13, 2023, with any response due by November 21, 2023, and any reply due by November 29, 2023. [Doc. 179]. In the event such a showing was not made by that date or otherwise deemed inadequate, the Court advised the parties the exhibits would be unsealed.

On November 13, 2023, CSM filed a Request to Maintain Certain, Limited Information Filed in Support of Plaintiffs' Motion for Class Certification Under Seal [Doc.180]. On November 15, 2023, CSM filed its Amended Request to Maintain Certain Limited Information Filed in Support of Plaintiffs' Motion for Class Certification Under Seal [Doc. 181]. CSM requests the Court maintain certain limited information filed in support of Plaintiffs' Motion for Class Certification under seal. Specifically, CSM asserts "limited portions of Exhibit 1 and one paragraph of Exhibit 11 – contain references to and discussions of CSM's confidential and proprietary business model, which incorporates policies and procedures that are designed to promote CSM's competitive standing in the assisted living industry." [Doc 181 at 3]. CSM further contends, "disclosure of such information would harm CSM's business interests because it could be used by CSM's competitors for an unfair business advantage, causing substantial economic harm to CSM and irreparable damages to CSM's competitive standing in the assisted living facility industry." [Doc. 181-1 ¶ 7].

## II.

"The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Virginia Dep't. of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). Our Court of Appeals has made clear that "[p]ublicity of such records, of course, is necessary in the long run so that the public can judge the product of the courts in a given case." *Columbus-America Discovery Group v. Atlantic Mut. Ins. Co.*, 203 F.3d 291, 303 (4th Cir. 2000). Indeed, "[i]t is hardly possible to come

to a reasonable conclusion on that score without knowing the facts of the case." *Id.*

Regarding the common law, "while a district court 'has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests,' the 'presumption' in such cases favors public access." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (quoting *In re Knight Publishing Company*, 743 F.2d 231, 235 (4th Cir. 1984)). "In contrast to the common law, 'the First Amendment guarantee of access has been extended only to particular judicial records and documents.'" *Virginia Dep't. of State Police*, 386 F.3d at 575 (quoting *Stone v. Univ. of Md. Med. Sys. Corp.* (*Stone I*), 855 F.2d 178, 180 (4th Cir. 1988)). "When the First Amendment provides a right of access, a district court may restrict access 'only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest.'" *Id.*

Importantly, "[r]egardless of whether the right of access arises from the First Amendment or the common law, it 'may be abrogated only in unusual circumstances.'" *Id.* at 576 (quoting *Stone I*, 855 F.2d 178, 182 (4th Cir. 1988)). In determining whether to seal documents, "the court should consider less restrictive 'alternatives to sealing [that] provide an adequate record for review' and should 'state the reasons for its decision [with] specific findings.'" *United States v. Harris*, 890 F.3d 480, 492 (4th Cir. 2018) (quoting *Knight*, 743 F.2d at 235).

**III.**

CSM has not made the requisite showing. Specifically, CSM seeks to seal a redacted version of (1) Exhibit 1, which is the October 3-4, 2023, Rule 30(b)(6) corporate representative deposition of Chancellor Senior Management, Ltd., and (2) Exhibit 11, a job

3

description for the residence manager position.[1]

"When presented with a request to seal judicial records or documents, a district court must comply with certain substantive and procedural requirements." *Virginia Dep't. of State Police*, 386 F.3d at 576 (citing *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). "As to the substance, the district court first 'must determine the source of the right of access with respect to each document,' because "[o]nly then can it accurately weigh the competing interests at stake." *Id*. (alteration in original) (quoting *Stone I*, 855 F.2d at 181). For a right of access to a document to exist under either the First Amendment or the common law, the document must be a "judicial record." *In re Application of United States for an Order Pursuant to 18 U.S.C. Section 2703(d)*, 707 F.3d 283, 290 (4th Cir. 2013) (citation omitted). A document qualifies as a "judicial record" if it plays "a role in the adjudicative process, or adjudicate[s] substantive rights." *Id*. For example, in *Rushford,* our Court of Appeals held that discovery documents filed in connection with a dispositive motion, such as a motion for summary judgment, were subject to the right of access because "summary judgment adjudicates substantive rights." 846 F.2d at 252 (distinguishing between products of pretrial discovery, which is ordinarily conducted in private, and "a motion filed by a party seeking action by the court").

The information CSM seeks to seal is attached to Plaintiffs' Motion for Class Certification. Such motions certainly "play a role in the adjudicative process." *See In re Application*, 707 F.3d at 290. A motion for class certification seeks action by the court, and the

---

[1] CSM requests to redact the following lines in Exhibit 1: "Page 73 line 6 (the two words after "says"); Page 74 line 16 (the two words after "assistant"); Page 81 line 16 (the two words after "assistant")… Page 369 line 16 through page 371 line 3; Page 371 line 19 through page 373 line 2; Page 375 line 21 through page 380 line 7; Page 380 line 17 through line 22 Page 381 line 9 through line 15; Page 382 line 1 through line 5; Page 382 line 13 through line 17; Page 383 line 16 through line 20." Regarding Exhibit 11, it requests redaction of the "[p]aragraph under the title 'Job Functions.'" [Doc. 181 at 2].

question of class certification affects the parties' substantive rights. Accordingly, the documents used to adjudicate Plaintiffs' motion for class certification qualify as judicial records subject to the common law presumption of access. The Court has, however, located no precedent imposing a First Amendment right of access on class certification briefing and exhibits. *See Virginia Dep't of State Police*, 386 F.3d at 580 (noting that the Fourth Circuit has never recognized a First Amendment right of access to the non-dispositive civil motion process). The discussion is thus confined to the common law right.

The next question is whether the parties have overcome the presumption of access. "To substantively overcome the common law presumption of access . . . , a court must find that there is a 'significant countervailing interest' in support of sealing that outweighs the public's interest in openness." *In re Application*, 707 F.3d at 293 (quoting *Under Seal v. Under Seal*, 326 F.3d 479, 486 (4th Cir. 2003)).

CSM proposes several redactions and provides a supporting affidavit from Michael DePaola, Director of Administrative Services. [Doc. 181-1]. Although Mr. DePaola claims the release of unredacted information concerning CSM's universal worker methodology would "provide CSM's competitors with an unfair business advantage and cause substantial economic harm," [*Id*. at 2], he fails to explain how the methodology gives CSM a competitive advantage. Furthermore, the two-page affidavit omits a detailed or even supportive rationale respecting how the disclosure of a job description would cause CSM irreparable harm. CSM simply providing the Court with an affidavit and a "line-by-line" request of redaction is not equivalent to establishing proprietary information. [Doc. 185 at 2]. Mr. DePaola nominally states the disclosure of the proposed redaction would "cause substantial economic harm" and "irreparable damages" to CSM's competitive standing. But he provides no meaningful or specific articulation of how

5

utilizing a common industry descriptor warrants relief.

Among the language CSM seeks to redact is, "the universal worker concept states that although [there] are primary job responsibilities, we all have secondary job responsibility." [Doc. 177-4 at 377]. The duties expected in that role "can be most appropriately summarized as, creating the 'the best' experience on three separate levels." [*Id.*] The three levels according to CSM's practices are "best customer experience -- our residents and their families; best employee experience -- you and your co-workers; [and] best owner/investor experience." [*Id.*] It adds that if an employee "work[s] with 'the end in mind', this is the end [the employee] should aim for" and "[i]f all three of these interests are equal in their satisfaction of the community's performance, only then [has the employee] ultimately succeeded in achiev[ing] the results we have sought." [*Id.* at 378].

As Plaintiffs point out, "information must be more than just routine business data, and it must be important proprietary information that provides the business entity with a financial or competitive advantage when it is kept secret and results in financial or competitive harm when released to the public." [Doc. 184 at 2 (citing *Ohio Valley Env't Coal. V. Elk Run Coal Co.*, 291 F.R.D. 114, 119 (S.D. W.Va. 2013))]; *see also Nixon v. Warner Communications Inc.*, 435 U.S. 589, 597 (1978) (providing that one exception to the public's right to access is "business information that might harm a litigant's competitive standing."). CSM claims "[t]his information is not publicly available or readily ascertainable from information that is publicly available," and it would require a survey of "CSM's employees or customers to obtain such information," thereby negating any right of access of Plaintiffs or potential class members. [Doc. 181 at 3]. Notably, Plaintiffs point to public indicators that imply that "universal worker" is not a confidential term to describe an employment opportunity at CSM, such as, CSM public job postings for "universal

workers." [Doc. 184 at 4, n.1, n.2].

Moreover, the universal worker methodology is used throughout the nursing and assisted living facility industry. The information CSM seeks to seal is a run-of-the-mill team-building and customer service strategy rather than a proprietary business concept. And it thus falls far short of overcoming "the strong presumption in favor of public access to court records." Neither a sealing nor redaction order are thus appropriate. Accordingly, CSM has not discharged its common law burden to impose secrecy.

### IV.

Accordingly, the Court **DENIES** Defendant's Amended Motion/Request to Remain Certain Limited Portions Under Seal **[Doc. 181]** and **DENIES** Defendant's Motion/Request to Remain Certain Limited Portions Under Seal as **MOOT [Doc. 180]**. The Court **ORDERS** the exhibits **UNSEALED**.

The Clerk is **DIRECTED** to transmit a copy of this written opinion and order to all counsel of record and to any unrepresented party.

ENTER: June 6, 2024

Frank W. Volk
United States District Judge